J-S47030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVASHA SHANNON | : | |
| | : | |
| Appellant | : | No. 91 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008093-2022

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 5, 2026**

Appellant, Lavasha Shannon, appeals from the judgment of sentence entered July 15, 2024, as made final by the denial of her post-sentence motion by operation of law on November 19, 2024.  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

On September 15[,] 2022, while in the city and county of Philadelphia[, Pennsylvania,] Renee Fox (hereinafter "Complainant") went to her grandmother's home. Upon arriving at the rear entrance . . . Complainant parked her car and called out to her grandmother to open her back door. As Complainant approached the house, she passed a man she did not recognize. Complainant was then approached by Appellant[, her cousin]. After the two women passed each other, Appellant turned around and grabbed Complainant by her hair which was fashioned in a ponytail. Appellant slammed Complainant into a metal gate beside the walkway and pinned her down. Appellant punched Complainant repeatedly with closed fists while she was pinned against the gate and then on the ground. During the fight, Appellant placed her foot on Complainant's chest and threatened her. The man, who the Complainant previously walked past, recorded the incident on his cell[ular tele]phone camera. Complainant's grandmother exited her home due to the altercation and the man who was recording the encounter separated the Complainant and Appellant. Following the incident, Complainant went to Pennsylvania Hospital and received medical treatment for her injuries. Subsequently, Appellant was arrested by Philadelphia Police and charged with aggravated assault, terroristic threats with intent to terrorize another, simple assault and recklessly endangering another person.[1]

On December 8, 2023, Appellant waived her right to a jury trial and proceeded to a waiver trial before the Hon[orable] Judge Tamika Washington. [Ultimately, the trial court found Appellant guilty of all charges.]

\*\*\*

[Appellant's sentencing hearing took place on July 15, 2024. On that day, the trial court] sentenced Appellant to two [] to four [] years of incarceration[, followed by two] years of reporting probation with the domestic violence unit and required anger management. [The trial court] stated that the sentence of incarceration was for the aggravated assault conviction and the probationary sentence was for the terroristic threats conviction. [The trial court sentenced Appellant in the

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2706(a)(1), 2701(a), and 2705, respectively.

mitigated range] due to the circumstances of the case, Appellant's history and Appellant's care of a child.

\*\*\*

On July 22, 2024, Appellant filed a motion for reconsideration of sentence[, claiming that the trial court issued an excessive sentence because it did "not factor the sentence on a qualitative and quantitative basis by weighing aggravating and mitigating factors." Appellant's Post-Sentence Motion, 7/22/24, at \*2 (unpaginated). Appellant's post-sentence motion was denied by operation of law on November 19, 2024. This appeal followed.[2]]

Trial Court Opinion, 5/23/25, at 1-8 (footnotes added).

_____

[2] Pursuant to Pa.R.Crim.P. 720, the trial court must "decide [a] post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a). Otherwise, the post-sentence motion is denied by operation of law. *Id.* Appellant filed a timely post-sentence motion on July 22, 2024. The trial court did not rule on Appellant's motion. Hence, the 120-day period for decision on Appellant's motion expired on November 19, 2024. Accordingly, "the clerk of courts [was required] to enter an order on behalf of the court . . . that the post-sentence motion [was] deemed denied" in its entirety. Pa.R.Crim.P. 720(B)(3)(c). Here, the clerk of courts did not enter an order deeming Appellant's post-sentence motion denied, nor did the clerk's office notify Appellant of the denial of her motion by operation of law on November 19, 2024. Ordinarily, "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(A)(2)(b). However, "[t]his Court has previously held that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." *Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003) (citation omitted). Thus, although Appellant filed her notice of appeal on December 23, 2024, we consider the notice of appeal timely filed. On January 13, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on February 4, 2025. On May 23, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also*

*Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the *Anders* brief, which are as follows:

1. Whether the trial [court] erred as a matter of law by allowing a verdict of guilty on all counts in this case to stand [even though] it was against the weight of the evidence[?]

2. Whether the trial [court's sentence was unduly excessive?]

*Anders*' Brief at 6 (superfluous capitalization omitted).

We first address Appellant's challenge to the weight of the evidence. We note that, as counsel points out, this claim is waived. Indeed, Appellant did

not challenge the weight of the evidence either orally or by written motion before sentencing, nor did she address this issue by way of a post-sentence motion. Thus, this issue is waived. *See* Pa.R.Crim.P. 607(A); *see also* ***Commonwealth v. Sherwood***, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court). Accordingly, counsel correctly discerned that, because Appellant waived this claim, "pursing th[e] matter on direct appeal is frivolous." ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

We now turn to Appellant's claim regarding the discretionary aspects of her sentence. On appeal, Appellant argues that the trial court "failed to state the reasons for imposing an aggravated sentence without due consideration for qualitative and quantitative factors." ***Anders*** Brief at 15. This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
> > An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
> >
> > We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing

- 6 -

> or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Here, Appellant complied with the first requirement above by filing a timely notice of appeal. *See Anders* Brief at 15. As previously noted, Appellant filed a post-sentence motion on July 22, 2024. The motion,

however, only challenged the trial court's failure to consider "mitigating factors" in fashioning Appellant's sentence. More specifically, Appellant averred:

1. [T]he sentence for the defendant is excessive in that there are more mitigating factors that were not presented by prior counsel on July 15, 2024 and was therefore ineffective for failing to do so and that the court did not have a full picture of the defendant in rendering her a state sentence.

2. [T]he petition alleges [that] the trial judge abused her discretion in sentencing the defendant to a state sentence of [two] to [four] years when a long period of probation is better warranted, and that the judge did not factor the sentence on qualitative and quantitative basis by weighing aggravating and mitigating factors.

Appellant's Post-Sentence Motion, 7/22/24, at *2 (unpaginated) (numbering altered). Hence, Appellant failed to raise her current challenge in her post-sentence motion, which results in waiver on appeal. *See Moury*, 992 A.2d at 170.

However, when counsel files a petition to withdraw, pursuant to *Anders*, we must review the merits of all claims set forth in the *Anders* brief in order to determine whether to grant counsel's petition to withdraw, despite the fact that the issues were waived. *Commonwealth v. Bishop*, 831 A.2d 656, 659 (Pa. Super. 2003). In turning to Appellant's current challenge, we would conclude, as counsel suggests, that the issue is meritless. Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context,

- 8 -

an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

\*\*\*

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations, quotations, original brackets and ellipsis omitted).

Moreover, when sentencing a defendant to total confinement, a trial court must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on

Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." ***Id.***

Appellant's claim on appeal is belied by the record. First, the trial court did not impose an aggravated range sentence in this instance. With respect to aggravated assault, because Appellant had a prior record score of zero and an offense gravity score of 11, the standard guideline range for aggravated assault was 36 to 54 months' incarceration, plus or minus one year. ***See*** 204 Pa. Code §§ 303.16, 303.15. The trial court set Appellant's minimum sentence to two years' incarceration for her conviction for aggravated assault. Similarly, with respect to terroristic threats, because Appellant had a prior record score of zero and an offense gravity score of three, the standard guideline range was restorative sanctions to one month of confinement. ***See*** 204 Pa.Code §§303.16(a), 303.15, and 303.9(f). The trial court sentenced Appellant to two years' probation for her conviction for terroristic threats. Thus, Appellant's sentence is in the mitigated, not aggravated, range of the guidelines. Second, the trial court did, in fact, consider the "qualitative and quantitative factors," *i.e.*, mitigating factors, in issuing her sentence. ***Anders*** Brief at 15 and 21. Indeed, the trial court explicitly indicated that its' sentence was based upon this consideration. The court stated:

> [Appellant's sentence is] in the mitigated range. So that means that I found there [were] circumstances in this case that would allow me to go under what the guidelines are in this case.

- 10 -

> There is a history that [Appellant] has in her own life that allows me to do that. Additionally, . . . the fact that she has a child.

Sentencing Hearing, 7/15/24, at 39. The trial court, therefore, cannot be said to have abused its discretion in issuing Appellant's sentence.

We have independently considered the issues raised within counsel's **Anders** brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026

- 11 -

J-S47030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVASHA SHANNON | : | |
| | : | |
| Appellant | : | No. 91 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008093-2022

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 5, 2026**

Appellant, Lavasha Shannon, appeals from the judgment of sentence entered July 15, 2024, as made final by the denial of her post-sentence motion by operation of law on November 19, 2024. In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

On September 15[,] 2022, while in the city and county of Philadelphia[, Pennsylvania,] Renee Fox (hereinafter "Complainant") went to her grandmother's home. Upon arriving at the rear entrance . . . Complainant parked her car and called out to her grandmother to open her back door. As Complainant approached the house, she passed a man she did not recognize. Complainant was then approached by Appellant[, her cousin]. After the two women passed each other, Appellant turned around and grabbed Complainant by her hair which was fashioned in a ponytail. Appellant slammed Complainant into a metal gate beside the walkway and pinned her down. Appellant punched Complainant repeatedly with closed fists while she was pinned against the gate and then on the ground. During the fight, Appellant placed her foot on Complainant's chest and threatened her. The man, who the Complainant previously walked past, recorded the incident on his cell[ular tele]phone camera. Complainant's grandmother exited her home due to the altercation and the man who was recording the encounter separated the Complainant and Appellant. Following the incident, Complainant went to Pennsylvania Hospital and received medical treatment for her injuries. Subsequently, Appellant was arrested by Philadelphia Police and charged with aggravated assault, terroristic threats with intent to terrorize another, simple assault and recklessly endangering another person.[1]

On December 8, 2023, Appellant waived her right to a jury trial and proceeded to a waiver trial before the Hon[orable] Judge Tamika Washington. [Ultimately, the trial court found Appellant guilty of all charges.]

\*\*\*

[Appellant's sentencing hearing took place on July 15, 2024. On that day, the trial court] sentenced Appellant to two [] to four [] years of incarceration[, followed by two] years of reporting probation with the domestic violence unit and required anger management. [The trial court] stated that the sentence of incarceration was for the aggravated assault conviction and the probationary sentence was for the terroristic threats conviction. [The trial court sentenced Appellant in the

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2706(a)(1), 2701(a), and 2705, respectively.

mitigated range] due to the circumstances of the case, Appellant's history and Appellant's care of a child.

\*\*\*

On July 22, 2024, Appellant filed a motion for reconsideration of sentence[, claiming that the trial court issued an excessive sentence because it did "not factor the sentence on a qualitative and quantitative basis by weighing aggravating and mitigating factors."  Appellant's Post-Sentence Motion, 7/22/24, at \*2 (unpaginated).  Appellant's post-sentence motion was denied by operation of law on November 19, 2024.  This appeal followed.[2]]

Trial Court Opinion, 5/23/25, at 1-8 (footnotes added).

_____

[2] Pursuant to Pa.R.Crim.P. 720, the trial court must "decide [a] post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a).  Otherwise, the post-sentence motion is denied by operation of law.  *Id.*  Appellant filed a timely post-sentence motion on July 22, 2024.  The trial court did not rule on Appellant's motion.  Hence, the 120-day period for decision on Appellant's motion expired on November 19, 2024.  Accordingly, "the clerk of courts [was required] to enter an order on behalf of the court . . . that the post-sentence motion [was] deemed denied" in its entirety.  Pa.R.Crim.P. 720(B)(3)(c).  Here, the clerk of courts did not enter an order deeming Appellant's post-sentence motion denied, nor did the clerk's office notify Appellant of the denial of her motion by operation of law on November 19, 2024.  Ordinarily, "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion."  Pa.R.Crim.P. 720(A)(2)(b).  However, "[t]his Court has previously held that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." *Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003) (citation omitted).  Thus, although Appellant filed her notice of appeal on December 23, 2024, we consider the notice of appeal timely filed.  On January 13, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely on February 4, 2025.  On May 23, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the ***Anders*** brief, which are as follows:

1. Whether the trial [court] erred as a matter of law by allowing a verdict of guilty on all counts in this case to stand [even though] it was against the weight of the evidence[?]

2. Whether the trial [court's sentence was unduly excessive?]

***Anders***' Brief at 6 (superfluous capitalization omitted).

We first address Appellant's challenge to the weight of the evidence. We note that, as counsel points out, this claim is waived. Indeed, Appellant did

not challenge the weight of the evidence either orally or by written motion before sentencing, nor did she address this issue by way of a post-sentence motion. Thus, this issue is waived. *See* Pa.R.Crim.P. 607(A); *see also* ***Commonwealth v. Sherwood***, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court). Accordingly, counsel correctly discerned that, because Appellant waived this claim, "pursing th[e] matter on direct appeal is frivolous." ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

We now turn to Appellant's claim regarding the discretionary aspects of her sentence. On appeal, Appellant argues that the trial court "failed to state the reasons for imposing an aggravated sentence without due consideration for qualitative and quantitative factors." ***Anders*** Brief at 15. This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing

- 6 -

> or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Here, Appellant complied with the first requirement above by filing a timely notice of appeal. *See Anders* Brief at 15. As previously noted, Appellant filed a post-sentence motion on July 22, 2024. The motion,

however, only challenged the trial court's failure to consider "mitigating factors" in fashioning Appellant's sentence. More specifically, Appellant averred:

> 1. [T]he sentence for the defendant is excessive in that there are more mitigating factors that were not presented by prior counsel on July 15, 2024 and was therefore ineffective for failing to do so and that the court did not have a full picture of the defendant in rendering her a state sentence.
>
> 2. [T]he petition alleges [that] the trial judge abused her discretion in sentencing the defendant to a state sentence of [two] to [four] years when a long period of probation is better warranted, and that the judge did not factor the sentence on qualitative and quantitative basis by weighing aggravating and mitigating factors.

Appellant's Post-Sentence Motion, 7/22/24, at *2 (unpaginated) (numbering altered). Hence, Appellant failed to raise her current challenge in her post-sentence motion, which results in waiver on appeal. *See Moury*, 992 A.2d at 170.

However, when counsel files a petition to withdraw, pursuant to *Anders*, we must review the merits of all claims set forth in the *Anders* brief in order to determine whether to grant counsel's petition to withdraw, despite the fact that the issues were waived. *Commonwealth v. Bishop*, 831 A.2d 656, 659 (Pa. Super. 2003). In turning to Appellant's current challenge, we would conclude, as counsel suggests, that the issue is meritless. Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context,

- 8 -

an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

\*\*\*

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations, quotations, original brackets and ellipsis omitted).

Moreover, when sentencing a defendant to total confinement, a trial court must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on

Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." ***Id.***

Appellant's claim on appeal is belied by the record. First, the trial court did not impose an aggravated range sentence in this instance. With respect to aggravated assault, because Appellant had a prior record score of zero and an offense gravity score of 11, the standard guideline range for aggravated assault was 36 to 54 months' incarceration, plus or minus one year. ***See*** 204 Pa. Code §§ 303.16, 303.15. The trial court set Appellant's minimum sentence to two years' incarceration for her conviction for aggravated assault. Similarly, with respect to terroristic threats, because Appellant had a prior record score of zero and an offense gravity score of three, the standard guideline range was restorative sanctions to one month of confinement. ***See*** 204 Pa.Code §§303.16(a), 303.15, and 303.9(f). The trial court sentenced Appellant to two years' probation for her conviction for terroristic threats. Thus, Appellant's sentence is in the mitigated, not aggravated, range of the guidelines. Second, the trial court did, in fact, consider the "qualitative and quantitative factors," *i.e.*, mitigating factors, in issuing her sentence. ***Anders*** Brief at 15 and 21. Indeed, the trial court explicitly indicated that its' sentence was based upon this consideration. The court stated:

> [Appellant's sentence is] in the mitigated range. So that means that I found there [were] circumstances in this case that would allow me to go under what the guidelines are in this case.

There is a history that [Appellant] has in her own life that allows me to do that. Additionally, . . . the fact that she has a child.

Sentencing Hearing, 7/15/24, at 39. The trial court, therefore, cannot be said to have abused its discretion in issuing Appellant's sentence.

We have independently considered the issues raised within counsel's ***Anders*** brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026

- 11 -

J-S47030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LAVASHA SHANNON :
:
Appellant : No. 91 EDA 2025

Appeal from the Judgment of Sentence Entered July 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008093-2022

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 5, 2026**

Appellant, Lavasha Shannon, appeals from the judgment of sentence entered July 15, 2024, as made final by the denial of her post-sentence motion by operation of law on November 19, 2024. In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

On September 15[,] 2022, while in the city and county of Philadelphia[, Pennsylvania,] Renee Fox (hereinafter "Complainant") went to her grandmother's home. Upon arriving at the rear entrance . . . Complainant parked her car and called out to her grandmother to open her back door. As Complainant approached the house, she passed a man she did not recognize. Complainant was then approached by Appellant[, her cousin]. After the two women passed each other, Appellant turned around and grabbed Complainant by her hair which was fashioned in a ponytail. Appellant slammed Complainant into a metal gate beside the walkway and pinned her down. Appellant punched Complainant repeatedly with closed fists while she was pinned against the gate and then on the ground. During the fight, Appellant placed her foot on Complainant's chest and threatened her. The man, who the Complainant previously walked past, recorded the incident on his cell[ular tele]phone camera. Complainant's grandmother exited her home due to the altercation and the man who was recording the encounter separated the Complainant and Appellant. Following the incident, Complainant went to Pennsylvania Hospital and received medical treatment for her injuries. Subsequently, Appellant was arrested by Philadelphia Police and charged with aggravated assault, terroristic threats with intent to terrorize another, simple assault and recklessly endangering another person.[1]

On December 8, 2023, Appellant waived her right to a jury trial and proceeded to a waiver trial before the Hon[orable] Judge Tamika Washington. [Ultimately, the trial court found Appellant guilty of all charges.]

***

[Appellant's sentencing hearing took place on July 15, 2024. On that day, the trial court] sentenced Appellant to two [] to four [] years of incarceration[, followed by two] years of reporting probation with the domestic violence unit and required anger management. [The trial court] stated that the sentence of incarceration was for the aggravated assault conviction and the probationary sentence was for the terroristic threats conviction. [The trial court sentenced Appellant in the

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2706(a)(1), 2701(a), and 2705, respectively.

mitigated range] due to the circumstances of the case, Appellant's history and Appellant's care of a child.

\*\*\*

On July 22, 2024, Appellant filed a motion for reconsideration of sentence[, claiming that the trial court issued an excessive sentence because it did "not factor the sentence on a qualitative and quantitative basis by weighing aggravating and mitigating factors." Appellant's Post-Sentence Motion, 7/22/24, at \*2 (unpaginated). Appellant's post-sentence motion was denied by operation of law on November 19, 2024. This appeal followed.[2]]

Trial Court Opinion, 5/23/25, at 1-8 (footnotes added).

_____

[2] Pursuant to Pa.R.Crim.P. 720, the trial court must "decide [a] post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a). Otherwise, the post-sentence motion is denied by operation of law. *Id.* Appellant filed a timely post-sentence motion on July 22, 2024. The trial court did not rule on Appellant's motion. Hence, the 120-day period for decision on Appellant's motion expired on November 19, 2024. Accordingly, "the clerk of courts [was required] to enter an order on behalf of the court . . . that the post-sentence motion [was] deemed denied" in its entirety. Pa.R.Crim.P. 720(B)(3)(c). Here, the clerk of courts did not enter an order deeming Appellant's post-sentence motion denied, nor did the clerk's office notify Appellant of the denial of her motion by operation of law on November 19, 2024. Ordinarily, "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(A)(2)(b). However, "[t]his Court has previously held that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003) (citation omitted). Thus, although Appellant filed her notice of appeal on December 23, 2024, we consider the notice of appeal timely filed. On January 13, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on February 4, 2025. On May 23, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the ***Anders*** brief, which are as follows:

> 1. Whether the trial [court] erred as a matter of law by allowing a verdict of guilty on all counts in this case to stand [even though] it was against the weight of the evidence[?]
>
> 2. Whether the trial [court's sentence was unduly excessive?]

***Anders***' Brief at 6 (superfluous capitalization omitted).

We first address Appellant's challenge to the weight of the evidence. We note that, as counsel points out, this claim is waived. Indeed, Appellant did

not challenge the weight of the evidence either orally or by written motion before sentencing, nor did she address this issue by way of a post-sentence motion. Thus, this issue is waived. *See* Pa.R.Crim.P. 607(A); *see also* *Commonwealth v. Sherwood*, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court). Accordingly, counsel correctly discerned that, because Appellant waived this claim, "pursing th[e] matter on direct appeal is frivolous." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008).

We now turn to Appellant's claim regarding the discretionary aspects of her sentence. On appeal, Appellant argues that the trial court "failed to state the reasons for imposing an aggravated sentence without due consideration for qualitative and quantitative factors." *Anders* Brief at 15. This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing

- 6 -

> or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Here, Appellant complied with the first requirement above by filing a timely notice of appeal. *See Anders* Brief at 15. As previously noted, Appellant filed a post-sentence motion on July 22, 2024. The motion,

- 7 -

however, only challenged the trial court's failure to consider "mitigating factors" in fashioning Appellant's sentence. More specifically, Appellant averred:

1. [T]he sentence for the defendant is excessive in that there are more mitigating factors that were not presented by prior counsel on July 15, 2024 and was therefore ineffective for failing to do so and that the court did not have a full picture of the defendant in rendering her a state sentence.

2. [T]he petition alleges [that] the trial judge abused her discretion in sentencing the defendant to a state sentence of [two] to [four] years when a long period of probation is better warranted, and that the judge did not factor the sentence on qualitative and quantitative basis by weighing aggravating and mitigating factors.

Appellant's Post-Sentence Motion, 7/22/24, at *2 (unpaginated) (numbering altered). Hence, Appellant failed to raise her current challenge in her post-sentence motion, which results in waiver on appeal. *See Moury*, 992 A.2d at 170.

However, when counsel files a petition to withdraw, pursuant to *Anders*, we must review the merits of all claims set forth in the *Anders* brief in order to determine whether to grant counsel's petition to withdraw, despite the fact that the issues were waived. *Commonwealth v. Bishop*, 831 A.2d 656, 659 (Pa. Super. 2003). In turning to Appellant's current challenge, we would conclude, as counsel suggests, that the issue is meritless. Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context,

- 8 -

an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

\*\*\*

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations, quotations, original brackets and ellipsis omitted).

Moreover, when sentencing a defendant to total confinement, a trial court must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on

Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." ***Id.***

Appellant's claim on appeal is belied by the record. First, the trial court did not impose an aggravated range sentence in this instance. With respect to aggravated assault, because Appellant had a prior record score of zero and an offense gravity score of 11, the standard guideline range for aggravated assault was 36 to 54 months' incarceration, plus or minus one year. ***See*** 204 Pa. Code §§ 303.16, 303.15. The trial court set Appellant's minimum sentence to two years' incarceration for her conviction for aggravated assault. Similarly, with respect to terroristic threats, because Appellant had a prior record score of zero and an offense gravity score of three, the standard guideline range was restorative sanctions to one month of confinement. ***See*** 204 Pa.Code §§303.16(a), 303.15, and 303.9(f). The trial court sentenced Appellant to two years' probation for her conviction for terroristic threats. Thus, Appellant's sentence is in the mitigated, not aggravated, range of the guidelines. Second, the trial court did, in fact, consider the "qualitative and quantitative factors," *i.e.*, mitigating factors, in issuing her sentence. ***Anders*** Brief at 15 and 21. Indeed, the trial court explicitly indicated that its' sentence was based upon this consideration. The court stated:

> [Appellant's sentence is] in the mitigated range. So that means that I found there [were] circumstances in this case that would allow me to go under what the guidelines are in this case.

> There is a history that [Appellant] has in her own life that allows me to do that.  Additionally, . . . the fact that she has a child.

Sentencing Hearing, 7/15/24, at 39.  The trial court, therefore, cannot be said to have abused its discretion in issuing Appellant's sentence.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous.  In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal.  The appeal is, therefore, wholly frivolous.  Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026

- 11 -

J-S47030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
LAVASHA SHANNON   :
  :
Appellant   :   No. 91 EDA 2025

Appeal from the Judgment of Sentence Entered July 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008093-2022

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:         **FILED MARCH 5, 2026**

Appellant, Lavasha Shannon, appeals from the judgment of sentence entered July 15, 2024, as made final by the denial of her post-sentence motion by operation of law on November 19, 2024. In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

On September 15[,] 2022, while in the city and county of Philadelphia[, Pennsylvania,] Renee Fox (hereinafter "Complainant") went to her grandmother's home. Upon arriving at the rear entrance . . . Complainant parked her car and called out to her grandmother to open her back door. As Complainant approached the house, she passed a man she did not recognize. Complainant was then approached by Appellant[, her cousin]. After the two women passed each other, Appellant turned around and grabbed Complainant by her hair which was fashioned in a ponytail. Appellant slammed Complainant into a metal gate beside the walkway and pinned her down. Appellant punched Complainant repeatedly with closed fists while she was pinned against the gate and then on the ground. During the fight, Appellant placed her foot on Complainant's chest and threatened her. The man, who the Complainant previously walked past, recorded the incident on his cell[ular tele]phone camera. Complainant's grandmother exited her home due to the altercation and the man who was recording the encounter separated the Complainant and Appellant. Following the incident, Complainant went to Pennsylvania Hospital and received medical treatment for her injuries. Subsequently, Appellant was arrested by Philadelphia Police and charged with aggravated assault, terroristic threats with intent to terrorize another, simple assault and recklessly endangering another person.[1]

On December 8, 2023, Appellant waived her right to a jury trial and proceeded to a waiver trial before the Hon[orable] Judge Tamika Washington. [Ultimately, the trial court found Appellant guilty of all charges.]

\*\*\*

[Appellant's sentencing hearing took place on July 15, 2024. On that day, the trial court] sentenced Appellant to two [] to four [] years of incarceration[, followed by two] years of reporting probation with the domestic violence unit and required anger management. [The trial court] stated that the sentence of incarceration was for the aggravated assault conviction and the probationary sentence was for the terroristic threats conviction. [The trial court sentenced Appellant in the

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2706(a)(1), 2701(a), and 2705, respectively.

mitigated range] due to the circumstances of the case, Appellant's history and Appellant's care of a child.

\*\*\*

On July 22, 2024, Appellant filed a motion for reconsideration of sentence[, claiming that the trial court issued an excessive sentence because it did "not factor the sentence on a qualitative and quantitative basis by weighing aggravating and mitigating factors." Appellant's Post-Sentence Motion, 7/22/24, at \*2 (unpaginated). Appellant's post-sentence motion was denied by operation of law on November 19, 2024. This appeal followed.[2]]

Trial Court Opinion, 5/23/25, at 1-8 (footnotes added).

_____

[2] Pursuant to Pa.R.Crim.P. 720, the trial court must "decide [a] post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a). Otherwise, the post-sentence motion is denied by operation of law. *Id.* Appellant filed a timely post-sentence motion on July 22, 2024. The trial court did not rule on Appellant's motion. Hence, the 120-day period for decision on Appellant's motion expired on November 19, 2024. Accordingly, "the clerk of courts [was required] to enter an order on behalf of the court . . . that the post-sentence motion [was] deemed denied" in its entirety. Pa.R.Crim.P. 720(B)(3)(c). Here, the clerk of courts did not enter an order deeming Appellant's post-sentence motion denied, nor did the clerk's office notify Appellant of the denial of her motion by operation of law on November 19, 2024. Ordinarily, "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(A)(2)(b). However, "[t]his Court has previously held that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003) (citation omitted). Thus, although Appellant filed her notice of appeal on December 23, 2024, we consider the notice of appeal timely filed. On January 13, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on February 4, 2025. On May 23, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the ***Anders*** brief, which are as follows:

1. Whether the trial [court] erred as a matter of law by allowing a verdict of guilty on all counts in this case to stand [even though] it was against the weight of the evidence[?]

2. Whether the trial [court's sentence was unduly excessive?]

***Anders***' Brief at 6 (superfluous capitalization omitted).

We first address Appellant's challenge to the weight of the evidence. We note that, as counsel points out, this claim is waived. Indeed, Appellant did

not challenge the weight of the evidence either orally or by written motion before sentencing, nor did she address this issue by way of a post-sentence motion. Thus, this issue is waived. *See* Pa.R.Crim.P. 607(A); *see also* ***Commonwealth v. Sherwood***, 983 A.3d 483, 494 (Pa. 2009) (stating that a challenge to the weight of the evidence is waived unless it is first presented to the trial court). Accordingly, counsel correctly discerned that, because Appellant waived this claim, "pursing th[e] matter on direct appeal is frivolous." ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008).

We now turn to Appellant's claim regarding the discretionary aspects of her sentence. On appeal, Appellant argues that the trial court "failed to state the reasons for imposing an aggravated sentence without due consideration for qualitative and quantitative factors." ***Anders*** Brief at 15. This Court previously explained:

> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
>> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>> We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing

- 6 -

> or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Here, Appellant complied with the first requirement above by filing a timely notice of appeal. *See Anders* Brief at 15. As previously noted, Appellant filed a post-sentence motion on July 22, 2024. The motion,

however, only challenged the trial court's failure to consider "mitigating factors" in fashioning Appellant's sentence. More specifically, Appellant averred:

1. [T]he sentence for the defendant is excessive in that there are more mitigating factors that were not presented by prior counsel on July 15, 2024 and was therefore ineffective for failing to do so and that the court did not have a full picture of the defendant in rendering her a state sentence.

2. [T]he petition alleges [that] the trial judge abused her discretion in sentencing the defendant to a state sentence of [two] to [four] years when a long period of probation is better warranted, and that the judge did not factor the sentence on qualitative and quantitative basis by weighing aggravating and mitigating factors.

Appellant's Post-Sentence Motion, 7/22/24, at *2 (unpaginated) (numbering altered). Hence, Appellant failed to raise her current challenge in her post-sentence motion, which results in waiver on appeal. *See Moury*, 992 A.2d at 170.

However, when counsel files a petition to withdraw, pursuant to ***Anders***, we must review the merits of all claims set forth in the ***Anders*** brief in order to determine whether to grant counsel's petition to withdraw, despite the fact that the issues were waived. ***Commonwealth v. Bishop***, 831 A.2d 656, 659 (Pa. Super. 2003). In turning to Appellant's current challenge, we would conclude, as counsel suggests, that the issue is meritless. Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context,

an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

\*\*\*

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations, quotations, original brackets and ellipsis omitted).

Moreover, when sentencing a defendant to total confinement, a trial court must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on

- 9 -

Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." ***Id.***

Appellant's claim on appeal is belied by the record. First, the trial court did not impose an aggravated range sentence in this instance. With respect to aggravated assault, because Appellant had a prior record score of zero and an offense gravity score of 11, the standard guideline range for aggravated assault was 36 to 54 months' incarceration, plus or minus one year. ***See*** 204 Pa. Code §§ 303.16, 303.15. The trial court set Appellant's minimum sentence to two years' incarceration for her conviction for aggravated assault. Similarly, with respect to terroristic threats, because Appellant had a prior record score of zero and an offense gravity score of three, the standard guideline range was restorative sanctions to one month of confinement. ***See*** 204 Pa.Code §§303.16(a), 303.15, and 303.9(f). The trial court sentenced Appellant to two years' probation for her conviction for terroristic threats. Thus, Appellant's sentence is in the mitigated, not aggravated, range of the guidelines. Second, the trial court did, in fact, consider the "qualitative and quantitative factors," *i.e.*, mitigating factors, in issuing her sentence. ***Anders*** Brief at 15 and 21. Indeed, the trial court explicitly indicated that its' sentence was based upon this consideration. The court stated:

> [Appellant's sentence is] in the mitigated range. So that means that I found there [were] circumstances in this case that would allow me to go under what the guidelines are in this case.

> There is a history that [Appellant] has in her own life that allows me to do that. Additionally, . . . the fact that she has a child.

Sentencing Hearing, 7/15/24, at 39. The trial court, therefore, cannot be said to have abused its discretion in issuing Appellant's sentence.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026